UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

DONALD PRATOLA,

   Petitioner,

v.

NEW JERSEY STATE PAROLE BOARD, et al.,

   Respondents.

Civ. No. 14-6405 (RBK)

**OPINION**

**ROBERT B. KUGLER, U.S.D.J.**

## I. INTRODCUTION

Petitioner is a state prisoner currently incarcerated at the Southern State Correctional Facility in Delmont, New Jersey. He is proceeding *pro se* with a petition for writ of habeas corpus. Petitioner invokes both 28 U.S.C. § 2241 and 28 U.S.C. § 2254 in seeking habeas relief. Previously, this matter was administratively terminated as petitioner had not paid the filing fee nor submitted an application to proceed *in forma pauperis*.[1] However, the Court has now received petitioner's complete application to proceed *in forma pauperis*. (*See* Dkt. No. 2.) Therefore, the Clerk will be ordered to reopen this case. Petitioner's application to proceed *in forma pauperis* will be granted based on the information provided therein. For the following reasons, petitioner's habeas petition will be administratively terminated as it has not been filed on the proper § 2254 form.

---

[1] While petitioner's application to proceed *in forma pauperis* was entered on the docket on October 29, 2014, prior to the order administratively terminating this case, the order administratively terminating this case was drafted prior to the Clerk's entry of petitioner's *in forma pauperis* application.

1

## II. BACKGROUND

Petitioner challenges a decision by the New Jersey State Parole Board that denied him parole on his state conviction. Petitioner claims that this denial violated his substantive and procedural due process rights. He invokes both § 2241 and § 2254 in requesting habeas relief.

## III. STANDARD FOR *SUA SPONTE* DISMISSAL

With respect to screening the instant petition, 28 U.S.C. § 2243 provides in relevant part:

> A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto.

As petitioner is proceeding *pro se*, his petition is held to less stringent standards than those pleadings drafted by lawyers. *See Rainey v. Varner*, 603 F.3d 189, 198 (3d Cir. 2010) ("It is the policy of the courts to give a liberal construction to pro se habeas petitions.") (internal quotation marks and citation omitted); *United States v. Otero*, 502 F.3d 331, 334 (3d Cir. 2007) ("we construe pro se pleadings liberally.") (citing *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). Nevertheless, "a district court is authorized to dismiss a [habeas] petition summarily when it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court[.]" *Lonchar v. Thomas*, 517 U.S. 314, 320 (1996).

## IV. DISCUSSION

A. Section 2241

Petitioner first cites to 28 U.S.C. § 2241 to challenge the denial of parole from his state conviction. Section 2241 of Title 28 of the United States Code confers jurisdiction on district courts to issue a writ of habeas corpus in response to a petition from a prisoner who is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. §

2241(c)(3). Section 2254 confers jurisdiction on district courts to issue "writs of habeas corpus on behalf of a person in custody *pursuant to the judgment of a state court* . . . on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a) (emphasis added).

In *Coady v. Vaughn*, 251 F.3d 480 (3d Cir. 2001), a Pennsylvania state prisoner filed habeas petitions pursuant to 28 U.S.C. §§ 2241 and 2254 which challenged a decision of the state parole board denying his application for release on parole. Ultimately, the Third Circuit determined that Coady must rely on § 2254 instead of § 2241. Indeed, the Third Circuit explained that:

> It is a well-established canon of statutory construction that when two statutes cover the same situation, the more specific statute takes precedence over the more general one . . . . The rationale for this cannon is that a general provision should not be applied "when doing so would undermine limitations created by a more specific provision." In the instant case, both Sections 2241 and 2254 authorize Coady's challenge to the legality of his continued state custody. However, with respect to habeas petitions filed by state prisoners pursuant to Section 2254, Congress has restricted the availability of second and successive petitions through Section 2244(b). Allowing Coady to file the instant petition in federal court pursuant to Section 2241 without reliance on Section 2254 would circumvent this particular restriction in the event that Coady seeks to repetition for habeas relief and would thereby thwart Congressional intent. Thus, applying the "specific governs the general" canon of statutory construction to this action, we hold that Coady must rely on Section 2254 in challenging the execution of his sentence.

*Coady*, 251 F.3d at 484-85.

Petitioner's reliance on § 2241 in this case is misplaced as § 2254 is the proper avenue for him to seek relief. *See DeVaughn v. Dodrill*, 145 F. App'x 392, 294 (3d Cir. 2005) (per curiam) ("A prisoner challenging either the validity or execution of his state court sentence must rely on the more specific provisions of § 2254 and may not proceed under § 2241.") (citing

*Coady*, 251 F.3d at 485); *see also Strother v. Nardolillo*, 583 F. Supp. 2d 645, 647 n.6 (E.D. Pa. 2008) (noting that *Coady* "stands for the proposition that attacks on the constitutionality of a denial or revocation of state parole that do not attack a state conviction or sentence are properly brought under 28 U.S.C. § 2254 and NOT under 28 U.S.C. § 2241.") (emphasis in original); *Coar v. New Jersey State Parole Bd.*, No. 06-3506, 2006 WL 2319434, at *2 (D.N.J. Aug. 9, 2006) (state prisoner's challenge to denial of parole must be brought under § 2254 rather than § 2241). Accordingly, petitioner is not entitled to habeas relief pursuant to 28 U.S.C. § 2241 on his state parole denial.

    B. <u>Section 2254</u>

As previously stated, petitioner also invokes 28 U.S.C. § 2254 in seeking habeas relief. However, Local Civil Rule 81.2 provides:

> Unless prepared by counsel, petitions to this Court for a writ of *habeas corpus* . . . shall be in writing (legibly handwritten in ink or typewritten), signed by the petitioner or movant, on forms supplied by the Clerk.

L.Civ.R. 81.2(a). Petitioner did not use the habeas form supplied by the Clerk for section 2254 petitions, *i.e.*, AO 241 (modified): DNJ-Habeas-008 (Rev.01-2014). Therefore, the matter will be re-administratively terminated. Petitioner is informed that administrative termination is not a "dismissal" for purposes of the statute of limitations, and that if the case is reopened, it is not subject to the statute of limitations time bar if it was originally filed timely, *see Papotto v. Hartford Life & Acc. Ins. Co.*, 731 F.3d 265, 275 (3d Cir. 2013) (distinguishing administrative terminations from dismissals); *Jenkins v. Superintendent of Laurel Highlands*, 705 F.3d 80, 84 n.2 (3d Cir. 2013) (describing prisoner mailbox rule generally). If petitioner submits his § 2254 petition on the proper form within thirty days, then the matter will be reopened so that it can be

screened.  Petitioner shall be given thirty days in which to submit his § 2254 petition on the proper form.

## V.   CONCLUSION

For the foregoing reasons, the matter will be re-administratively terminated.  Petitioner's request for habeas relief under § 2241 is not proper and he has not filed his request for habeas relief pursuant to § 2254 on the proper form.  An appropriate order will be entered.


DATED:   October 31, 2014

s/Robert B. Kugler
ROBERT B. KUGLER
United States District Judge