## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

_____

DONALD PRATOLA,                                  :
                                                 :
                        Petitioner,              :          Civ. No. 14-6405 (RBK)
                                                 :
            v.                                   :
                                                 :          **OPINION**
NEW JERSEY STATE PAROLE BOARD, et al.,           :
                                                 :
                        Respondents.             :
_____       :

**ROBERT B. KUGLER, U.S.D.J.**

### I.    INTRODUCTION

Petitioner is a state prisoner currently incarcerated at the Northern State Prison in Newark, New Jersey. He is proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the following reasons, the habeas petition will be denied without prejudice as unexhausted.

### II.    BACKGROUND

Petitioner was convicted by a jury of murder, felony murder, breaking and entering, attempted robbery and other offenses in 1981. He received a sentence of life imprisonment plus seventeen years. On May 29, 2012, a two-member panel of the New Jersey State Parole Board denied petitioner's parole request and established a thirty-six month future eligibility term. On March 27, 2013, the full board affirmed the panel's decision to deny parole and to impose a thirty-six months future eligibility term. (*See* Dkt. No. 19-2 at p. 9-12)

Petitioner then appealed this March 27, 2013 decision to the New Jersey Superior Court, Appellate Division. However, petitioner did not file a brief addressing the merits of his appeal. Instead, he filed a motion to compel discovery with the Appellate Division. (*See* Dkt. No. 19-2 at

p. 16-18) This motion was denied by the Appellate Division in an order filed on August 5, 2013.
(*See id.* at p. 22) Thereafter, petitioner filed a motion for entry of default with the Appellate
Division. (*See id.* at p. 24-27) On August 27, 2013, the Appellate Division denied petitioner's
motion for entry of default. (*See id.* at p. 35) It then issued a scheduling order whereby petitioner
was to file his appellate brief by October 11, 2013, respondent was to file its brief by November
12, 2013 and petitioner could file a reply brief by November 22, 2013. (*See id.* at p. 48) The
scheduling order further provided that if petitioner defaulted on any provision of the scheduling
order, the appeal would be subject to dismissal. (*See id.*)

Petitioner subsequently filed an appeal to the New Jersey Supreme Court, seeking
interlocutory review of the Appellate Division's denial of his motion for discovery and motion
for entry of default. (*See id.* at p. 37-42) The New Jersey Supreme Court denied the motion for
leave to appeal on December 18, 2013. (*See id.* at p. 57)

On March 4, 2014, the Appellate Division dismissed petitioner's appeal because he failed
to file a brief. (*See id.* at p. 59)

This Court received petitioner's original federal habeas petition on October 16, 2014.
(*See* Dkt. No. 1) However, as petitioner failed to file his § 2254 petition on the proper form, this
Court administratively terminated this action. Subsequently, on November 21, 2014, this Court
received petitioner's amended habeas petition on the proper form. (*See* Dkt. No. 7.)

Petitioner's amended habeas petition raises two claims. More specifically, petitioner
argues in Claim I that the grounds for his 2012/2013 parole denial and future eligibility terms
were repetitious, arbitrary and capricious. In Claim II, petitioner presents a similar argument in
that he asserts no new evidence was used to deny him parole and that the evidence that was used
to deny him parole was repetitious.

Respondent filed a response in opposition to the habeas petition. Subsequently, petitioner filed two motions to amend and supplement the record, both of which respondent opposes.

## III.     DISCUSSION

A. Exhaustion

Respondent argues that this Court should dismiss the amended habeas petition because petitioner's claims are unexhausted. A state prisoner applying for a writ of habeas corpus under § 2254 in federal court must first "exhaust[ ] the remedies available in the courts of the State," unless "(i) there is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1); *see also Rose v. Lundy*, 455 U.S. 509, 515 (1982). A petitioner must exhaust state remedies by fairly presenting his federal constitutional claims to each level of the state courts empowered to hear those claims, either on direct appeal or in collateral post-conviction relief proceedings. *See, e.g.*, *O'Sullivan v. Boerckel*, 526 U.S. 838, 847 (1999) (announcing the rule "requiring state prisoners to file petitions for discretionary review when that review is part of the ordinary appellate review procedure in the State"); *see also* 28 U.S.C. § 2254(c) ("An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented."). "A petitioner can 'fairly present' his claims through: (a) reliance on pertinent federal cases; (b) reliance on state cases employing constitutional analysis in like fact situations; (c) assertion of the claim in terms so particular as to call to mind a specific right protected by the Constitution; and (d) allegation of a pattern of facts that is well within the mainstream of constitutional litigation." *Nara v. Frank*, 488 F.3d 187, 198 (3d Cir. 2007) (citing *McCandless v. Vaughn*, 172 F.3d 255, 260 (3d Cir. 1999)) (footnote omitted). "Even if a state

court refuses the claim on procedural grounds, it is still exhausted as long as the state court had the opportunity to address it." *Id.* (citing *Bond v. Fulcomer*, 864 F.2d 306, 309 (3d Cir. 1989); *Pursell v. Horn*, 187 F. Supp. 2d 260, 2288 (W.D. Pa. 2002)).

As the record in this case indicates, the full Parole Board issued its decision on March 27, 2013. New Jersey Court Rule 2:2-3(a)(2) provides that a final decision of any state administrative agency is reviewable, as of right, by the Appellate Division. *See* N.J. Ct. R. 2:2-3(a)(2). "The Parole Board is an administrative agency whose final decisions may be appealed to the Appellate Division within the meaning of Rule 2:2-3(a)(2)." *Jones v. Hayman*, No. 06-5725, 2008 WL 2788403, at *4 (D.N.J. June 16, 2008) (citing *Trantino v. N.J. State Parole Bd.*, 166 N.J. 113, 172-73 (2001); *In re Hawley*, 98 N.J. 108, 112 (1984)).

Petitioner has not exhausted his state court remedies. Indeed, his appeal to the Appellate Division was dismissed for failing to file a brief in support of his appeal. Thus, petitioner's claims he raised in his federal habeas petition were never actually fairly presented to the Appellate Division as he never filed a brief that raised his habeas claims. Furthermore, while petitioner appealed the denial of his motion for discovery and motion for default to the New Jersey Supreme Court, he never sought certification from the New Jersey Supreme Court on the merits of his claims he raises in his federal habeas petition. Therefore, he has not exhausted his federal habeas claims. Accordingly, for these reasons, the habeas petition will be denied without prejudice as unexhausted. *See, e.g.*, *Swan v. Coupe*, 967 F. Supp. 2d 1008, 1011 (D. Del. 2013) ("Generally, a federal court will dismiss a habeas application consisting entirely of unexhausted claims without prejudice in order to give a petitioner an opportunity to present the unexhausted claims to the state courts.") (citing *Lines v. Larkins*, 208 F.3d 153, 159-60 (3d Cir. 2000)).

B.  Motions to Amend/Supplement

As stated above, petitioner has also filed two motions to amend/supplement the record after respondent filed its answer in opposition to the amended habeas petition. In his first motion to amend, petitioner seeks to amend his amended habeas petition so that he can add information related to purported inaccurate information that was used in his 2006 and 2015 parole hearings. (*See* Dkt. No. 23) Petitioner specifically requests the transcripts of his 2006, 2012 and 2015 parole hearings.

This first motion to amend/supplement will be denied. As previously indicated, petitioner has completely failed to exhaust his claims related to the 2012 parole proceedings that are relevant to this instant habeas petition as he never sought certification on the merits of his habeas claims to the New Jersey Supreme Court nor did he fairly present them to the Appellate Division.

Furthermore, petitioner's 2006 and 2015 parole hearings are not part of this habeas petition. Indeed, petitioner previously contested his 2006 parole hearing in another habeas petition that was denied by Judge Hillman on the merits in 2010. *See Pratola v. Sullivan*, No. 08-2417, 2010 WL 234937 (D.N.J. Jan. 14, 2010). Thus, petitioner would need to obtain the requisite permission from the United States Court of Appeals for the Third Circuit to file a second or successive habeas petition that challenges his 2006 parole proceeding.[1] *Accord Dorsey v. Minor*, No. 06-0840, 2006 WL 1670252, at *2 (M.D. Pa. June 14, 2006) (noting that the petition is a second or successive habeas petition where petitioner's instant challenge to parole denial had been previously denied by the court in another habeas petition); *see also* 28 U.S.C. §

---

[1] Furthermore, for the reasons described *infra*, petitioner would need to file a separate habeas action that challenges his 2006 parole hearing as this habeas petition relates to his 2012 parole proceeding.

2244(b)(3)(A) ("Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.").

Where a second or successive habeas petition is filed in the district court without an order from the appropriate court of appeal, the district court may dismiss the petition for a lack of jurisdiction or "shall, if it is in the interest of justice, transfer such action . . .  to any other such court in which the action . . . could have been brought at the time it was filed."  28 U.S.C. § 1631; *see also Robinson v. Johnson*, 313 F.3d 128, 139 (3d Cir. 2002) ("When a second or successive habeas petition is erroneously filed in a district court without the permission of a court of appeals, the district court's only option is to dismiss the petition or transfer it to the court of appeals pursuant to 28 U.S.C. § 1631.") This Court finds that it is not in the interest of justice to transfer petitioner's arguments/claims with respect to his 2006 parole proceeding to the Third Circuit. Petitioner's arguments with respect to his 2006 parole proceeding appear to relate to issues that were previously raised before Judge Hillman such as the use of inaccurate information during his 2006 parole hearing.

The habeas petition in this case also does not relate to petitioner's 2015 parole denial. To the extent that petitioner seeks to bring habeas claims on his 2015 parole denial, he may do so in a separate habeas petition, and may not add such arguments/claims to this habeas petition that relates to his 2012 parole proceedings. *See* Rule 2(e) of Rules Governing Section 2254 Cases in the United States District Courts ("A petitioner who seeks relief from judgments of more than one state court must file a separate petition covering the judgment or judgments of each court); *see also McDaniel v. New Jersey State Parole Bd.*, No. 07-3205, 2008 WL 4527574, at *3 n.3 (D.N.J. Oct. 2, 2008) ("Petitioner cannot challenge his May 11, 2004, denial of parole and June

5, 2006, denial of parole in the same action."). Accordingly, petitioner's first motion to amend/supplement will be denied.

Petitioner has also filed a second motion to amend/supplement. Nevertheless, this motion also suffers from similar defects as petitioner's first motion to amend/supplement. First, to the extent that he seeks to amend his habeas petition with respect to his 2012 parole proceeding, petitioner has failed to exhaust his state court remedies as described above. Furthermore, petitioner's arguments/claims with respect to his 2006 and 2015 parole proceedings will not be permitted to be added to this habeas action for the same reasons why they fail with respect to his first motion to amend/supplement. Thus, this second motion to amend/supplement will also be denied.

C.   Request for the Appointment of Counsel

Petitioner requests the appointment of counsel in his second motion to amend/supplement. Petitioner does not have a constitutional right to counsel in habeas proceedings. *See Reese v. Fulcomer*, 946 F.2d 247, 263 (3d Cir. 1991), *superseded on other grounds by statute*, 28 U.S.C. § 2254. However, 18 U.S.C. § 3006A(a)(2)(B) provides that the court has discretion to appoint counsel where "the court determines that the interests of justice so require . . ." In *Reese*, the Third Circuit explained that in determining whether counsel should be appointed, a court "must first decide if petitioner has presented a nonfrivolous claim and if the appointment of counsel will benefit the petitioner and the court. Factors influencing a court's decision include the complexity of the factual and legal issues in the case, as well as the pro se petitioner's ability to investigate facts and present claims." *Reese*, 946 F.2d at 263-64.

In this case, the Court finds that the appointment of counsel is not warranted. Petitioner's habeas claims are unexhausted. Furthermore, petitioner's claims related to his 2006 and 2015

parole hearings are not properly raised in this habeas petition. Therefore, petitioner's request for the appointment of counsel will be denied.

D. Certificate of Appealability

Pursuant to 28 U.S.C. § 2253(c), unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken from a final order in a proceeding under 28 U.S.C. § 2254. A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2254(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citation omitted). Applying this standard, the Court finds that a certificate of appealability shall not issue in this case.

## IV.   CONCLUSION

For the foregoing reasons, the habeas petition is denied without prejudice as unexhausted. Petitioner's motions to amend are denied as is petitioner's request for the appointment of counsel. An appropriate Order will be entered.


DATED:   November 18, 2015

                                                    s/Robert B. Kugler
                                                    ROBERT B. KUGLER
                                                    United States District Judge