UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| DONALD PRATOLA, | : | |
| Petitioner, | : | Civ. No. 14-6405 (RBK) |
| v. | : | |
| NEW JERSEY STATE PAROLE BOARD, | : | **MEMORANDUM AND ORDER** |
| Respondent. | : | |

    Petitioner is a state prisoner proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner's amended habeas petition raised two claims related to his 2012/2013 parole denials. On November 20, 2015, this Court denied the habeas petition without prejudice as his claims were deemed to be unexhausted. (*See* Dkt. No. 35 & 36) This Court noted that petitioner's appeal to the Appellate Division on his parole denials was dismissed for failing to file a brief in support. Thus, petitioner never fairly presented his claims to the Appellate Division nor did he seek certification from the New Jersey Supreme Court on the merits of his claims.

    In April, 2016, petitioner filed a request for reconsideration, and in August, 2016, he filed a motion to reopen. This Court will reopen this matter for the sole purpose of ruling on petitioner's request and motion. For the following reasons, the request for reconsideration will be denied as will petitioner's request to reopen.

    This Court previously discussed the procedural factual background of this case in its prior Opinion and need not do so again here. As previously stated, petitioner brought this habeas petition challenging his denial of parole in 2012/2013. His habeas petition was denied without prejudice as it was unexhausted.

Motions for reconsideration are filed pursuant to Federal Rule of Civil Procedure 59(e) and are governed by Local Civil Rule 7.1(i) which allows a party to seek reconsideration by the Court in matters in which the party believes the judge has "overlooked." *See Carney v. Pennsauken Twp. Police Dep't,* No. 11–7366, 2013 WL 4501454, at *1 (D.N.J. Aug. 21, 2013) (citations omitted). "The standard for reargument is high and reconsideration is to be granted only sparingly." *Yarrell v. Bartkowski,* No. 10–5337, 2012 WL 1600316, at *3 (D.N.J. May 7, 2012) (citing *United States v. Jones,* 158 F.R.D. 309, 314 (D.N.J.1994)). To be successful on a motion for reconsideration, a petitioner has the burden to demonstrate: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [issued its order]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Café ex rel. Lou–Ann, Inc. v. Quinteros,* 176 F.3d 669, 677 (3d Cir.1999) (citation omitted); *see also Berry v. Jacobs IMC, LLC,* 99 F. App'x 405, 410 (3d Cir.2004). Additionally, Rule 59(e) requires that it be filed within twenty-eight days after the entry of judgment. *See* FED. R. CIV. P. 59(e).

At the outset, this Court notes that petitioner filed his motion for reconsideration well beyond the twenty-eight day limit permitted by the Rule. Nevertheless, despite this procedural issue, petitioner's motion for reconsideration can also be denied on the merits. As noted previously, this Court denied petitioner's habeas petition due to a failure to exhaust. Nowhere within his request for reconsideration and his motion to reopen does petitioner appear to contest his lack of exhaustion on his habeas claims. Instead, petitioner simply challenges the merits (or purported lack thereof) of his parole denial. This Court need not reach these arguments by petitioner on the merits of his 2012/13, however, as petitioner has still not shown this Court that

he has exhausted his claims in state court. Petitioner provides no rationale for why this Court should excuse his lack of exhaustion as well.

Petitioner also seems to be contesting more recent parole hearings as well in his motion to reopen. This Court explained in its prior Opinion is not appropriate for petitioner to bring in this action that challenged his 2012/2013 proceedings. *See* Rule 2(e) of Rules Governing Section 2254 Cases in the United States District Courts ("A petitioner who seeks relief from judgments of more than one state court must file a separate petition covering the judgment or judgments of each court); *see also McDaniel v. New Jersey State Parole Bd.*, No. 07-3205, 2008 WL 4527574, at *3 n.3 (D.N.J. Oct. 2, 2008) ("Petitioner cannot challenge his May 11, 2004, denial of parole and June 5, 2006, denial of parole in the same action.").

Petitioner does not invoke Federal Rule of Civil Procedure 60(b) in his request for reconsideration or in his motion to reopen. However, for purposes of completeness, this Court will presume that petitioner is also attempting to reopen this action pursuant to Federal Rule of Civil Procedure 60(b). That rule states as follows:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

FED. R. CIV. P. 60. Petitioner fails to show, however, that he is entitled to relief as well under Rule 60(b) to alter or amend this Court's judgment that found his claims in his habeas petition related to his 2012/13 parole denial were unexhausted.

Accordingly, IT IS this  6th  day of September, 2016,

ORDERED that the Clerk shall reopen this case for the sole purposes of permitting this Court to rule on petitioner's request for reconsideration and motion to reopen; and it is further

ORDERED that petitioner's request for reconsideration (Dkt. No. 37) is denied; and it is further

ORDERED that petitioner's motion to reopen (Dkt. No. 38) is denied; and it is further

ORDERED that the Clerk shall serve this Order on petitioner by regular U.S. mail; and it is further

ORDERED that the Clerk shall re-close this case.

        s/Robert B. Kugler
        ROBERT B. KUGLER
        United States District Judge